IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ E. MELENDEZ-FERNANDEZ,

    Plaintiff,

    v.

SPECIAL CARE PHARMACY
SERVICES, INC., et al.

    Defendants.

**Civil No. 11-1662 (SEC)**

**OPINION AND ORDER**

    Before the Court are defendants Special Care Pharmacy Services, Inc. and Special Care Infusion Center, Inc.'s motions to dismiss (Dockets # 38 and # 90, respectively), and plaintiff Luz E. Meléndez's opposition thereto (Docket # 89). After reviewing the filings and the applicable law, defendants' motions to dismiss are **DENIED**.

**Factual and Procedural Background**

    On April 11, 2012, plaintiff Luz E. Meléndez-Fernández ("Plaintiff") filed a Second Amended Complaint against Special Care Pharmacy Services, Inc. ("SC Pharmacy"), Special Care Services, Inc.[1] ("SC Services") and Special Care Infusion Center, Inc. ("SC Infusion")(collectively, "Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; Puerto Rico Law 100, P.R. Law Ann. tit. 29, §§ 146 et seq.; Law 45, P.R. Laws Ann. tit. 11, § 1 et seq.; Law 17, P.R. Laws Ann. tit. 29, §§ 155 et seq.; Law 69, P.R. Laws Ann. tit. 29, §§ 1324 et seq.; and Law No. 80, P.R. Laws Ann. tit. 29 §§ 185a et seq.

---

[1] Special Care Services, Inc. is the only defendant entity that is not requesting dismissal of this action. According to Special Care Infusion Center, Inc.'s motion to dismiss, Special Care Services, Inc. does not exist. This is an issue of fact to be determined at a later stage.

**CIVIL NO. 11-1662 (SEC)**                                                                 Page 2

Plaintiff alleges that she was harassed, discriminated against and eventually terminated from employment in retaliation for forewarning her supervisors that she would serve as a witness for her co-worker, Raiza Negrón ("Negrón"), if she decided to file a pregnancy discrimination claim. SC Pharmacy and SC Infusion (collectively, "SCPI") moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). SCPI allege that Plaintiff's allegations are insufficient to sustain a "single employer" theory of liability. In addition, SC Infusion alleges that Plaintiff failed to exhaust administrative remedies since the charge of discrimination only named SC Pharmacy as her employer. The relevant facts, as averred in the complaint, follow.

Plaintiff began working as a "graduated nurse" for Defendants in August 2006. Docket # 82, p. 5, ¶ 1.[2] Plaintiff's work was supervised by Coralys Pérez ("Pérez"), Rey Flores ("Flores") and Charlie Rivas ("Rivas"), and her performance was regarded as excellent through the years. Id. ¶ 1, 2. Flores and Rivas are the owners of the defendant corporations and, along with Pérez, are the top officers who manage the daily operations of the Defendants. Id. at p. 3, ¶ 4.

On March 23, 2010, Negrón was terminated from her employment due to pregnancy. Id. at p. 5, ¶ 4. After Negrón's termination, Pérez and Alejandro Delgado Vigier ("Delgado"), another officer of Defendants, prepared a sworn statement for Plaintiff to sign, stating that Negrón had not informed the Defendants that she was pregnant before her discharge. Id. ¶ 5. Plaintiff refused to sign the sworn statement because she believed it contained false information since, during the first week of March 2010, Negrón had informed Pérez that she was pregnant

---

[2] The Court will use "graduated nurse" because this is the term used in the Second Amended Complaint. The court believes that "registered nurse" is a more appropriate translation of the Spanish term "enfermera graduada."

**CIVIL NO. 11-1662 (SEC)**                                                                 Page 3

in Plaintiff's presence. Id. ¶ 6. Pérez and Delgado forced Plaintiff to sign the sworn statement by threatening her with discharge. Id. at p. 6, ¶ 7, 8. Plaintiff, however, forewarned Pérez and Delgado that if Negrón decided to file a complaint against the company, she would serve as a witness in her favor and would tell the truth. Id. ¶ 8. After this incident, Pérez and Delgado began to make derogatory remarks about Plaintiff's decision to serve as a witness for Negrón and continued to threaten her with discharge. Id. ¶ 9. Pérez also took disciplinary actions against her and began assigning her more duties than usual. Id. ¶ 10, 11. On May 11, 2010, Plaintiff was discharged from her employment. Id. ¶ 12. This suit followed.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all "well pleaded facts [and indulge] all reasonable inferences" in plaintiff's favor. Bell Alt. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-6. Nevertheless, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." La Chapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v.

**CIVIL NO. 11-1662 (SEC)**                                                                                       Page 4

Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)); see also Buck v. American Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007). Thus, Plaintiffs must rely on more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)(citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1 Cir. 1988)).

Moreover, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007)(citing Twombly, 550 U.S. at 559). Although complaints do not need detailed factual allegations, the plausibility standard is not akin to a "probability requirement", but it ask more than a sheer possibility that a defendant has acted unlawfully. Twombly, 550 U.S. at 556.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 677. Specifically, the court is not compelled to accept legal conclusions set forth as factual allegations in the complaint. Id. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**CIVIL NO. 11-1662 (SEC)**                                                                                                           Page 5

Second, a complaint survives only if it states a plausible claim for relief. Iqbal, 556 U.S. at 670. Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 677, 682. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at 677. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 678.

The aforementioned requirements complement a bedrock principle of the federal judicial system: a complaint must contain enough detail to give "a defendant fair notice of the claim and the grounds upon which it rests." Ocasio-Hernández, 640 F.3d at 8 (citing Fed. R. Civ. P. 8(a)(2)). Accordingly, "[w]hile a plaintiff's claim to relief must be supported by sufficient factual allegations to be plausible under Twombly [and Iqbal], nothing requires a plaintiff to prove her case in the pleadings." Chao v. Ballista, 630 F. Supp. 2d 170, 177 (D. Mass. 2009). Put differently, even after Twombly and Iqbal, "[d]ismissal of a complaint under Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández, 640 F.3d at 11.

**Applicable Law and Analysis**

In the motion under Fed. R. Civ. P. 12(b)(6), SC Pharmacy avers that Plaintiff's allegations are insufficient to sustain a "single employer" theory of liability because (1) according to Cavallaro v. Umass Memorial Health Care, Inc., No. 09-40152-FDS, 2011 WL 2295023 (D. Mass. June 8, 2011), affirmed in part, and vacated and remanded in part, 678 F.3d

1 (1st Cir. 2012), Plaintiff failed to sufficiently allege an employment relationship with at least one of the defendant corporate entities, and (2) the allegations "are deficient inasmuch as they are wholly devoid of dates and/or are conclusory in nature." Dockets # 82, p. 4-8 and # 83, p. 8. In its second motion to dismiss, SC Infusion joins all the arguments expounded by SC Pharmacy and, additionally, avers that all claims against it are precluded due to Plaintiff's failure to exhaust administrative remedies. Docket # 90. The Court shall address each argument in turn.

### *A. Single Employer Doctrine*

The First Circuit has explained that, under the "single employer" or "integrated employer" doctrine, two nominally separate companies may be so interrelated that they constitute a single employer subject to liability under Title VII. Torres-Negrón v. Merck & Co., Inc., 488 F.3d 34 (1st Cir. 2007)(relying on NLRB v. Browning-Ferris Indus., Inc., 691 F.2d 1114, 1122 (3d Cir. 1982)). This doctrine may apply in cases where "liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related such that its actions ... can be attributable to the legal employer." Engelhardt v. S.P. Richards Co., 472 F.3d 1, 4 n. 2 (1st Cir. 2006). There are three recognized methods for determining whether a single employer exists under Title VII and, although the First Circuit has not decided which test is appropriate, it has recognized that the "integrated-enterprise test" is the standard adopted by most circuits. Torres-Negrón, 233 F.3d at 42; Romano v. U-Haul International, 233 F.3d 655 (1st Cir. 2000). The factors that must be considered under the "integrated-enterprise test" are: (1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership. Torres-Negrón, 488 F.3d at 42 (citing Romano, 233 F.3d at 662). Courts have stated that all four factors are not necessary for single-employer

**CIVIL NO. 11-1662 (SEC)**                                                                                                             Page 7

---

status, and that the test should be applied flexibly, placing special emphasis on the control of employment decisions. Id.

In the present case, Plaintiff alleges that she received orders and was supervised by Flores, Rivas and Pérez. Docket # 82, p. 3, ¶ 4 and p. 5, ¶ 1. She also alleges that all of them were officers of the Defendants, and that the Defendants share the same facilities. Id. at p. 3, ¶ 4; p. 5, ¶ 1 and p. 4, ¶ 8. She further contends that SC Services controls, manages and supervises the daily operations, the human resources, labor relations, salary, and benefits of all employees of the other defendants, "since neither Special Care Infusion Center, Inc., nor Special Care Pharmacy Services, Inc., have a human resources department nor any officer in charge of labor relations." Id. at 4, ¶ 9. These allegations, taken as true and indulging in all inferences in Plaintiff's favor, are sufficient to show an interrelation between operations, common management and centralized control over labor relations. Therefore, Plaintiff has set forth sufficient facts to, at this juncture, establish that Defendants comprise a single employer.

As noted above, however, SCPI contend that in order for the "single employer" doctrine to apply, Plaintiff must first sufficiently allege an employment relationship with at least one of the corporate entities. They cite Cavallaro in support of this contention. Docket # 83, p. 2, 6. After reviewing Cavallaro, the Court disagrees with SCPI's position.

In Cavallaro, all of the plaintiffs' allegations in support of the defendants's employer status were disregarded by the court as "mere legal conclusions regarding the status of defendants as employers or plaintiffs as employee [and] ... [a]bsent accompanying factual allegations, the legal conclusions are insufficient to establish that defendants are the employers

**CIVIL NO. 11-1662 (SEC)**                                                                    Page 8

-joint, single, individual, or otherwise- of plaintiffs." Cavallaro, 2011 WL 2295023, at *3 (citations omitted).[3] The court further stated:

> Plaintiffs have failed to make plausible allegations that any of the eight corporate defendants is their employer under the FLSA -under either a joint- or a single- employer theory. They have also failed to make plausible allegations that either of the two individual defendants is their employer under the statute. Absent any facts that hint an employment relationship between plaintiffs and defendants, there simply is no basis for an inference that the alleged FLSA violations are fairly traceable to defendants' actions. Id.

On appeal, the First Circuit agreed with this general determination of the district court. See Cavallaro v. Umass Memorial Healthcare, Inc., 678 F.3d 1 (1st Cir. 2012). The court stated that "as the district court said, even on these theories **some** direct employer needs to be identified before anyone in the group could be liable on the theory that some or all were responsible." Id. at 10 (emphasis added). The First Circuit, however, vacated the judgment and, because of the peculiar circumstances involved, remanded the case and ordered the district court to allow plaintiff to amend the complaint. Id.

It is clear from the foregoing that the First Circuit and the district court in Cavallaro required only that the complaint contain well-pleaded allegations that, taken as true, established an employment relationship between plaintiffs and defendants. As shown (see note 3, below), the allegations in Cavallaro simply indicated in different ways, but in a conclusory fashion, that "defendants are the employer." There, however, the plaintiffs failed to plead facts that, if

---

[3]The four conclusory legal assertions cited by the court that were contained in the plaintiff's complaint in Cavallaro are: "(1) that 'defendants are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other'; (2) that 'Mr. O'Brien is liable to Plaintiffs because of his active role in operating the business, his status as an employer, and/or according to federal law'; (3) that 'Ms. Webb is liable to Plaintiffs because of her active role in operating the business, her role in the violations complained of in this action, her status as an employer, and/or otherwise according to federal and state law'; and (4) that '[a]t all relevant times, [plaintiffs] were employees under the FLSA.'" Cavallaro, 2011 WL 2295023, at *3 (citations omitted).

**CIVIL NO. 11-1662 (SEC)**                                                                                                       Page 9

proven, would link them to any of the defendants. Therefore, as stated by the First Circuit in Cavallaro, Plaintiff needs only to identify "some direct employer." Id. Here, as explained below, Plaintiff's complaint contains sufficient allegations to show an employment relationship between Defendants and Plaintiff.

For Title VII purposes, the First Circuit has adopted the use of "common law agency principles in determining whether an employment relationship exists." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570 (1st Cir. 2004); Alberty-Vélez v. Corp. de P.R. para la Difusión Pública, 361 F.3d 1 (1st Cir. 2004). This approach primarily focuses on the extent of control that one entity may exercise over the other. López v. Massachusetts, 588 F.3d 69 (1st Cir. 2009). The following non-exclusive factors are relevant to this inquiry:

> The skill required; the source of the instrumentalities and tools; the location of the work; the durations of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. Camacho, 369 F.3d at 534 (quoting Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992)).

According to the complaint, Plaintiff worked as a "graduated nurse" for the Defendants for a period of nearly four years, received orders and was supervised by officers of the Defendants, namely Flores, Rivas, and Pérez. Docket # 82, ¶ 4. Plaintiff's conduct, benefits, terms, and conditions of employment were governed by an employee's manual that "applied and covered the three co-defendants and considered the three co-defendants as a single employer." Docket # 82, ¶ 5.  Plaintiff's insurance benefits were provided by SC Services and SC Pharmacy. Docket # 82, ¶ 6. These allegations, accepted as true, and making all inferences in Plaintiff's favor, are sufficient to show an employment relationship between Defendants and Plaintiff. That is, contrary to Cavallaro, Plaintiff's allegations go beyond simply stating that the

**CIVIL NO. 11-1662 (SEC)**                                                                                       Page 10

Defendants were Plaintiff's employer, or similarly worded conclusory statements.  Therefore, the Defendants' arguments on this score must fail.

### *B. Exhaustion of Administrative Remedies*

As indicated above, SC Infusion avers that all claims against it are precluded due to Plaintiff's failure to exhaust administrative remedies. Docket # 90.  According to SC Infusion, Plaintiff's charge of discrimination only named SC Pharmacy as her employer.  In opposition, Plaintiff accepts this contention, but alleges that "the fact that one of the co-defendants was not named in the charge of discrimination, does not have any type of consequence, since the charge filed against one of the co-defendants is considered to have been filed against all the other co-defendants, which are a single employer." Docket # 103, p. 1-2.

A claimant "who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"), or alternatively, with an appropriate state or local agency, within the prescribed time limits." Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275 (1st Cir. 1999); see 42 U.S.C. § 2000e-5(e)(1). A civil action "may only be brought against the 'respondent named in the charge.'"   Russell v. Enterprise Rent-A-Car Co., 160 F. Supp. 2d 239, 253 (D.R.I. 2001)(citing 42 U.S.C. § 2000e-5(f)(1)). The purpose of  this requirement is that "it operates to put the defendant on notice of the charges against it, and it gives the defendant an opportunity to participate in voluntary conciliation and avoid a subsequent lawsuit." Id. (citing Maldonado-Cordero v. AT&T, 73 F. Supp. 2d 177 (D.P.R. 1999).

Exceptions to the general rule have been adopted by different courts, particularly where despite not naming the entity in the original charge the other co-defendants received  notice of

the proceedings. 8 Emp. Coord. Employment Practices § 97:24 (2012); see Lucky Stores, Inc. v. EEOC, 714 F.2d 911 (9th Cir. 1983); EEOC v. American National Bank, 652 F.2d 1176 (4th Cir. 1981); Russell, 160 F. Supp. at 253-54; Maldonado-Cordero, 73 F. Supp. 2d at 177 (D.P.R. 1999); Chatman v. Gentle Dental Center, 973 F. Supp. 228 (D. Mass. 1997). Some courts have adopted the "identity of interest exception" that allows a Title VII action "to proceed against a defendant who was not originally named in the administrative filing if there is a clear identity of interest between the named and unnamed defendants." Russell, 160 F. Supp. 2d at 254; see Johnson v. Palma, 931 F.2d 203 (2nd Cir. 1991). Under this exception, courts must evaluate the following four factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. Id.[4]

In the case at bar, a single employer allegation has been plausibly made and thus, it would be an issue of fact to determine at a later stage if SC Infusion was adequately notified under the "identity of interest exception". Since under Title VII's statutory scheme, "charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, [courts] have taken a 'flexible stance in interpreting Title VII's procedural provisions', so as not to frustrate Title VII's remedial goals." Johnson v. Palma, 931

---

[4] The parties have not cited, nor the court has found any First Circuit decision adopting or rejecting the identity of interest exception. Defendants have also failed to cite any First Circuit decision that stands for the proposition that all defendant corporations in a case setting forth a single employer theory of liability must be named in the charge before the EEOC or the appropriate state or local agency, under penalty of dismissal at the pleadings stage.

**CIVIL NO. 11-1662 (SEC)**                                               **Page 12**

F.2d 203 (2nd Cir. 1991) (citing <u>Egelston v. State University College at Geneseo</u>, 535 F.2d 752, 754, 755 (2nd Cir. 1976))(citations omitted).

For all these reasons, the Court finds that Plaintiff's allegations, taken as a whole, are enough to support a claim under Title VII against Defendants. Accordingly, Defendants' motions to dismiss are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of October, 2012.

> s/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge